| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02136-RGK(Ex) | Date | March 16, 2018 |
| Title | CYRUS SANAI v. D. JOSHUA STAUB ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S EX PARTE APPLICATION FOR RECUSAL (Dkt. 8, filed March 15, 2018)

## I. INTRODUCTION

Plaintiff Cyrus Sanai moves to disqualify the Honorable R. Gary Klausner in the matter of Cyrus Sanai v. D. Joshua Staub et al, No. 2:18-cv-02136-RGK-E. Dkt. 8 ("Motion"). Sanai moves for recusal under 28 U.S.C. § 455. The case before Judge Klausner concerns Sanai's request for declaratory judgment under 42 U.S.C. § 1983. Dkt. 1 ("Compl."). In particular, Sanai requests declaratory judgment that Sanai has the "right to attack" Los Angeles County Superior Court Judge Mark A. Borenstein's orders and his conduct in certain contempt proceedings against Sanai, on the grounds that Judge Borenstein lacks impartiality under Cal. Code Civ. P. § 170.1 et seq. See Compl.

## II. DISCUSSION

Section 455(a) of Title 28 of the United States Code provides a broad, fact-driven rule for disqualification: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Ninth Circuit employs an objective test in analyzing § 455(a) disqualification motions: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for Cent. Dist. Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting Herrington v. Cnty. of Sonoma, 834 F.2d 1488, 1502 (9th Cir. 1987) (internal quotation marks omitted). In addition, section 455 provides that the judge shall disqualify himself where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02136-RGK(Ex) | Date | March 16, 2018 |
| Title | CYRUS SANAI v. D. JOSHUA STAUB ET AL. | | |

    Sanai moves to disqualify Judge Klausner because of Judge Klausner's purported familiarity with a defendant in Sanai's underlying complaint, Frederick Bennett. Motion at 2. In particular, Sanai asserts that Bennett was Court Counsel of the Los Angeles County Superior Court from 1998 to date, and was former County Counsel who represented the Los Angeles Superior Court through 2002. Id. Because Judge Klausner was a Los Angeles Superior Court judge through 2002, Sanai contends that "Judge Klausner therefore knew and may still know Mr. Bennett, and he has knowledge of the facts concerning Mr. Bennett's role in the Superior Court" as detailed in the complaint's allegations. Id. In particular, Sanai argues that Judge Klausner employed Bennett "to defend a ruling he made" as a presiding judge in an unpublished case, Infant & Nutritional Prod., Inc. v. Superior Court, No. B154321, 2002 WL 343393, at *1 (Cal. Ct. App. Mar. 6, 2002). Sanai also contends that Bennett was involved as Assistant County Counsel in a peremptory disqualification decision where "Judge Klausner played a key role." See People v. Superior Court (Lavi), 4 Cal. 4th 1164, 847 P.2d 1031 (1993), as modified (May 13, 1993). Sanai asserts that these cases demonstrate that it is "clear that Judge Klausner had a strong professional relationship with Bennett from matters in the public record." Motion at 4. He further contends that Judge Klausner's prior judgeship means that he has "actual knowledge" of the disputed facts regarding the complaint's allegations that Bennett, as Court Counsel, would "ghost write standard responses" regarding motions for disqualification. Id. at 5.

    The Court has reviewed the two cited cases. The first cited case, Infant & Nutritional Products, Inc. v. Superior Court, concerned whether a party could properly file a seemingly untimely motion for disqualification in a Los Angeles Superior Court case that had been returned to a previously assigned trial judge. The underlying case had been assigned to Judge Ray L. Hart and then temporarily transferred between three different Los Angeles County Superior Court judges—none of whom were Judge Klausner—and then reassigned back to Judge Hart. Bennett was counsel for the Superior Court in that case, which was the respondent to a writ of mandate in the proceedings. The court of appeal held that the motion for disqualification was untimely, and ordered proceedings to continue before Judge Hart. 2002 WL 343393, at *7.

    The second cited case, People v. Superior Court, involved a Los Angeles Superior Court case transferred to the criminal master calendar department before Judge Klausner. 4 Cal.4th 1164 at 1170. In the parties' first appearance before Judge Klausner, he transferred the case to another department before Judge Trammel. Id. After the case was transferred, the government filed a motion to disqualify Judge Trammel. Id. at 1171.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02136-RGK(Ex) | Date | March 16, 2018 |
| Title | CYRUS SANAI v. D. JOSHUA STAUB ET AL. | | |

The issue before the California Supreme Court was whether the government's motion to disqualify was timely under Cal. Code Civ. P. § 170.6. The court ruled that the motion was timely. 4 Cal.4th 1164 at 1186.

      Sanai has not shown that Judge Klausner's previous service as a Los Angeles Superior Court judge or his purported "affiliation" with Bennett is a proper basis for recusal. The mere fact that Judge Klausner served as a judge of the Los Angeles Superior Court at the time Bennett defended motions to disqualify does not demonstrate Judge Klausner's alleged personal bias or prejudice concerning Bennett, and does not establish Judge Klausner's personal knowledge of disputed evidentiary facts concerning the allegations in Sanai's complaint. This conclusion is particularly warranted insofar as the above-cited cases do not involve Judge Klausner in any meaningful way, and insofar as they do not suggest that Bennett represented Judge Klausner in any disqualification proceedings.[1] Sanai's vague and conclusory allegations regarding Judge Klausner's relationship to Bennett and knowledge of Bennett's approach to defending disqualification motions fail to demonstrate that Judge Klausner's impartiality might reasonably be questioned. Sanai speculates, but does not offer evidence, that Judge Klausner has a strong professional relationship with Bennett. Sanai fails to allege specific facts showing that a reasonable person with knowledge of all the facts would perceive a significant risk that Judge Klausner will resolve the case on a basis other than the merits.

      The Court therefore **DENIES** Sanai's request for disqualification of Judge Klausner.

---

[1] Sanai cites two additional cases in supplemental briefing filed on March 16, 2018. Dkt. 11. The Court has reviewed <u>Jones v. Superior Court (People)</u>, 9 Cal. App. 4th 1648, 12 Cal. Rptr. 2d 376 (1992), and <u>Gossai v. Soto</u>, No. B192332, 2007 WL 2121213, at *1 (Cal. Ct. App. July 25, 2007). These cases provide no additional grounds for recusal. Bennett was counsel for respondent Los Angeles Superior Court in <u>Jones</u>, and Judge Klausner's involvement in that case appears limited to providing a declaration regarding administrative changes designed to speed up the criminal trial process in the Los Angeles Superior Court system. It does not appear that Bennett was involved in any manner in <u>Gossai</u>.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:18-cv-02136-RGK(Ex) | Date | March 16, 2018 |
|---|---|---|---|
| Title | CYRUS SANAI v. D. JOSHUA STAUB ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Sanai's request for disqualification.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |