| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | | **'O'** |
| Case No. | 2:18-cv-02136-RGK(Ex) | | Date | March 20, 2018 |
| Title | CYRUS SANAI v. D. JOSHUA STAUB ET AL. | | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S SECOND EX PARTE APPLICATION FOR RECUSAL AND ALTERNATIVE MOTION FOR RECONSIDERATION (Dkt. 13, filed March 18, 2018)

## I. INTRODUCTION

Plaintiff Cyrus Sanai moves the Court to reconsider its March 16, 2018 order denying the requested recusal of the Honorable R. Gary Klausner in the matter of <u>Cyrus Sanai v. D. Joshua Staub et al</u>, No. 2:18-cv-02136-RGK-E. Dkt. 13 ("Motion"). Sanai moves again for recusal under 28 U.S.C. section 455 and requests reconsideration under Local Rule 7–18.

The case before Judge Klausner concerns Sanai's request for declaratory judgment under 42 U.S.C. § 1983. Dkt. 1 ("Compl."). In particular, Sanai requests declaratory judgment that Sanai has the "right to attack" Los Angeles County Superior Court Judge Mark A. Borenstein's orders and his conduct in certain contempt proceedings against Sanai, on the grounds that Judge Borenstein lacks impartiality under Cal. Code Civ. P. § 170.1 <u>et seq.</u> <u>See</u> Compl.

## II. DISCUSSION

Local Rule 7–18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02136-RGK(Ex) | Date | March 20, 2018 |
| Title | CYRUS SANAI v. D. JOSHUA STAUB ET AL. | | |

at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18.

In support of his request for reconsideration, Sanai contends that he searched the Pacer system after the March 16, 2018 order for cases involving Judge Klausner. Motion at 5. Sanai states that "[w]hen he did so again, he accidentally put in a different search name, looking for 'Gary Klausner' instead of 'Robert Gary Klausner.' This accident proved fortuitous, because there are at least three federal proceedings in which Judge Klausner, while a Superior Court judge, was sued in [federal] court, but under the name 'Gary Klausner.'" Id. Sanai attaches copies of the docket sheets from these three cases and contends that these cases demonstrate that Frederick Bennett represented Judge Klausner personally.[1] Id. Upon review of the docket sheets for these federal proceedings, it appears that Frederick Bennett represented Judge Klausner and numerous other judicial officers of the Los Angeles County Superior Court in three multi-defendant federal proceedings. See Dkt. 13 & Exs. A, B, C.

Sanai contends that the instant motion relies on different factual grounds than the original motion to disqualify Judge Klausner, so this is "arguably [] not a motion for reconsideration." Id. at 5–6. Sanai further contends that even if the instant motion is a motion for reconsideration, 28 U.S.C. section 455(e) "does not permit waiver of a grounds of disqualification except under strict conditions," and that "no waiver of the right to disqualify [Judge Klausner] can have occurred based on the relationship until full disclosure is made" regarding Judge Klausner's relationship to Bennett. Id. at 6. Sanai argues that restrictions on reconsideration set forth in Local Rule 7–18 are "overridden" by 28 U.S.C. section 455(e).

---

[1] Sanai seeks to disqualify Judge Klausner because of Judge Klausner's purported familiarity with Bennett, who is named as a defendant in Sanai's underlying complaint. Dkt. 8 at 2. Bennett was Court Counsel of the Los Angeles County Superior Court from 1998 to date, and was former County Counsel who represented the Los Angeles Superior Court through 2002. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-02136-RGK(Ex) | Date | March 20, 2018 |
| Title | CYRUS SANAI v. D. JOSHUA STAUB ET AL. | | |

Last, Sanai asserts that this motion also satisfies the standard for reconsideration insofar as reasonable diligence—"a search of Pacer in the Central District and Ninth Circuit under Judge Klausner's true name"—did not yield any lawsuits in which Judge "Robert Gary Klausner" was sued. Id. at 6. Sanai also contends that this Court's March 16, 2018 order "constituted new facts and new law." Id.

It appears that Sanai's request for recusal generally repeats the arguments made in support of his March 15, 2018 request for recusal. In order to obtain recusal of Judge Klausner in the first instance, Sanai was obligated to point to some extrajudicial source of bias—such as a personal bias. See United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997). The Court concluded that Sanai failed to demonstrate that Judge Klausner's impartiality might reasonably be questioned, and here, the Court finds that Sanai fails to demonstrate grounds for reconsideration of this conclusion. Exercise of reasonable diligence could have revealed the three federal proceedings involving Judge Klausner that Sanai contends he inadvertently discovered, particularly because Sanai's search terms merely included what Sanai argues is part of Judge Klausner's "true name." Moreover, plaintiff does not allege the emergence of new material facts or a change of law occurring since March 16, 2018, or a manifest showing of failure to consider material facts before the Court. Given these circumstances, and because reconsideration is an extraordinary remedy that should not be granted absent highly unusual circumstances,[2] the Court **DENIES** Sanai's request for reconsideration.

## III. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Sanai's request for reconsideration.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[2] See 398 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).